UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:98-cr-14010-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT CLARENCE POTTS, III,

    Defendant.
_____/

**ORDER ON MOTIONS TO APPOINT COUNSEL AND TO
REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT**

The case comes before the Court on Defendant Robert Clarence Potts's Motion and Supplemental Motion to Reduce Sentence Pursuant to the First Step Act [DE 196 and 201] and on his Motions for Appointment of the Federal Public Defender's Office [DE 199 and 200]. The court has considered Defendant's Motions, the Government's Responses [DE 198 and 202], and Defendant's Reply [DE 206].

In September 1998, a jury found Defendant guilty of possession with intent to distribute a substance containing a detectable amount of cocaine base, possession of unregistered firearms, use of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. DE 35, 69. Defendant was sentenced in January 1999. DE 83. For the purpose of sentencing, the Court held Defendant accountable for 125.34 grams of cocaine base, determined that he was a career offender, and determined that he had two prior convictions of felony drug offenses. PSI ¶¶ 17, 24, 52; DE 40. Under the law in effect at that time, Defendant was subject to a mandatory statutory sentence of life imprisonment without release because of the drug quantity of more than 50 grams of cocaine base and his prior felony drug convictions. *See* 21 U.S.C.

§ 841(b)(1)(A) (1998).  Due to that mandatory statutory sentence and his status as a career offender, his offense level was 37 and his criminal history category was VI, resulting in a guideline range of 360 months to life.  U.S.S.G. § 4B1.1; PSI ¶¶ 24, 26, 33, 53.  The Court imposed a life sentence.  DE 83.

Congress subsequently passed the Fair Sentencing Act of 2010 to reduce the disparity in the treatment of cocaine base and powder cocaine offenses.  *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013); *see* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base that are required to be sentenced under 21 U.S.C. § 841(b)(1)(A) and (B)).  The Fair Sentencing Act, however, did not apply retroactively until Congress passed the First Step Act of 2018.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  *Id.*  A court is not required to reduce a sentence under § 404.  *Id.*  Moreover, a sentence may not be reduced if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant made a previous motion for a sentence reduction under § 404 of the First Step Act that was denied on the merits.  *Id.*

The parties agree that the Fair Sentencing and First Step Acts operate to reduce Defendant's mandatory statutory sentence.  DE 198 at 1-3; DE 201 at 4-7.  Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act.  Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his mandatory statutory sentence would have been between 10 years' and life imprisonment due to a drug quantity between 28 and 280 grams and

due to his prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(B) (1998); Pub. L. No. 111-220, 124 Stat. 2372. Defendant also would have been subject to at least eight years' supervised release. *See* 21 U.S.C. § 841(b)(1)(B) (1998).

Defendant argues, however, that the sentencing Court's finding that he was accountable for 125.34 grams of cocaine base violates *Alleyne v. United States* and *Apprendi v. New Jersey* because the jury found only that he possessed a detectable amount of cocaine base. DE 201 at 3-5; DE 206 at 8-11; *see Alleyne v. United States*, 570 U.S. 99, 103 (2013) (concluding that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Holding Defendant accountable for only a detectable amount of cocaine base, with a prior felony drug conviction, would result in a statutory sentence of no more than 30 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(C) (1998).

Moreover, Defendant argues that, due to developments in the law since his sentencing, he no longer qualifies as a career offender. DE 201 at 5-6; DE 206 at 11; *see United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010) (holding that "the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria as defined under the 'physical force' subdivision of section 4B1.2(a)(1) of the sentencing guidelines"). Thus, Defendant contends that the proper guideline range is significantly lower than the guideline range of 360 months to life that was computed at the time of his sentencing. DE 201 at 6-7; DE 206 at 11-12. Defendant asserts that both the drug quantity and his status as a career offender may be revisited at this time because he is entitled to a "plenary

3

resentencing," and this Court must apply the law in effect at the time of sentencing. DE 206 at 3-11; *see United States v. Hinds*, 713 F.3d 1303, 1305 (11th Cir. 2013) ("The general rule is that a defendant should be sentenced under the law in effect at the time of sentencing." (quotation marks omitted)).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by" 18 U.S.C. § 3582(c). *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015) (stating that "a court may only modify a sentence (once it is final) when limited circumstances apply" and citing 18 U.S.C. § 3582(c)). Only § 3582(c)(1)(B) is relevant here. A court "may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

A "defendant is not entitled to a full resentencing during a § 3582(c) proceeding." *United States v. Cole*, 417 F. App'x 922, 923 (11th Cir. 2011); *see United States v. Ramirez-Castillo*, 335 F. App'x 888, 889 (11th Cir. 2009) (stating that a § 3582(c) proceeding does "not constitute a full resentencing of the defendant" (quotation marks omitted)). Section 3582(c) "does not grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 781-82 (11th Cir. 2000) (stating that a court's discretion has "clearly been cabined in the context of a Section 3582(c) sentencing reconsideration"). "[A]ll original sentencing determinations remain unchanged" in a § 3582(c) proceeding. *Cole*, 417 F. App'x at 923 (emphasis and quotation marks omitted).

The Court disagrees that Defendant is entitled to a "plenary resentencing" and a reconsideration of the drug quantity and career offender determinations that the Court made at the time of his sentencing. As the caselaw cited above explains, this Court may modify Defendant's

4

sentence only as provided under § 3582(c), and § 3582(c) does not provide for a full resentencing. Section 3582(c)(1)(B) provides for a sentence modification only as "expressly permitted by statute." Neither the Fair Sentencing Act nor the First Step Act "expressly" provide for a full or plenary resentencing or for a reconsideration of original sentencing determinations. The First Step Act simply permits a court to 'impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194.

Defendant is correct that the First Step Act does not cite 18 U.S.C. § 3582(c). However, § 3582(c) provides the procedural vehicle whereby this Court may modify Defendant's sentence. *See Maiello*, 805 F.3d at 999-1000 (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). Defendant also compares the word "impose" in the First Step Act to a court's initial imposition of a sentence to argue that he is entitled to a full sentencing proceeding without restriction or limitation. DE 206 at 7. The First Step Act's use of the word "impose" must be read in context. *See United States v. Tate*, 586 F.3d 936, 946 (11th Cir. 2009) ("In interpreting a statute, the court does not look at one word or term in isolation, but instead will look to the entire statutory context." (alteration and quotation marks omitted)). The First Step Act authorizes a court to "impose a reduced sentence," and otherwise refers to a proceeding to "reduce" a sentence. *See* Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act does not call for a full or plenary resentencing.

This Court's conclusion that § 3582(c) governs Defendant's motion is consistent with other district courts that have thus far addressed motions brought under the First Step Act. *See, e.g.*, *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)

5

. . . ."); *United States v. Kamber*, No. 09-cr-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019) (concluding that the First Step Act can serve as a basis for relief under § 3582(c)(1)(B)).

Consequently, the Court concludes that, although Defendant is eligible for a reduced sentence under Fair Sentencing Act, he is not entitled to a full resentencing, and all other determinations made at the time of his sentencing must remain unchanged. Defendant is subject to a mandatory statutory sentence of between 10 years' and life imprisonment due to a drug quantity between 28 and 280 grams and due to his prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(B) (1998); Pub. L. No. 111-220, 124 Stat. 2372. Defendant is also subject to at least eight years' supervised release. *See* 21 U.S.C. § 841(b)(1)(B) (1998). As was computed at the time of his sentencing, his guideline range is 360 months to life. *See* PSI ¶ 53.

It is hereby **ORDERED AND ADJUDGED**:

1. Defendant is eligible for a reduction of sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

2. Defendant's Motions for Appointment of the Federal Public Defender's Office [DE 199 and 200] are **GRANTED**. The Court hereby appoints Assistant Federal Public Defender Abigail E. Becker to serve as Defendant's counsel.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of March, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record